The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
You have requested an Attorney General opinion concerning a school board's meetings.
Your questions are:
(1) Are school board retreats considered a public meeting?
 (2) If the retreat is considered a public meeting, can the school board hold this meeting out of the school district or out of the state?
 (3) If the retreat is considered a public meeting, can the school board spend district money on this meeting if it is held out of the school district or out of the state?
RESPONSE
Question 1 — Are school board retreats considered a public meeting?
The question of whether a particular gathering constitutes a "meeting" for purposes of the Freedom of Information Act (FOIA) is always a question of fact that will turn upon the specific circumstances of each case. Because I do not know certain factual information about the retreat in question, I cannot opine definitively in response to your question. Nevertheless, I will set forth the applicable legal principles upon the basis of which you can evaluate the retreat in question to determine whether it constitutes a "meeting," within the meaning of the FOIA.
A "meeting" for purposes of the FOIA is any gathering of a governing body at which the body discusses official business on which foreseeable action might be taken. El Dorado Mayor v. El Dorado Broadcasting Co.,260 Ark. 821, 824, 544 S.W.2d 206 (1976). A quorum of the body is not necessary in order for the gathering to constitute a meeting. Id.
If the retreat in question will involve discussion by the school board of official school matters on which foreseeable action by the board might be taken, the retreat will constitute a "meeting," within the meaning of the FOIA, and will thus be subject to the notification requirements of the FOIA.
I note that the issue of who is in control of the retreat and who is in attendance will bear upon the likelihood that school board matters will be discussed. For example, if the retreat is one that is sponsored and controlled by some other group, and the members of the school board are simply attending, along with other attendees who are not on the board, it is possible that the agenda would not include official school board matters on which foreseeable action by the board might be taken. See Op. Att'y Gen. No. 94-131. Nevertheless, this issue must be examined regardless of who controls or attends the meeting, and if the retreat does include any discussion of official school board matters on which foreseeable action by the board might be taken, the retreat will constitute a "meeting" for purposes of the FOIA notification requirements.
Question 2 — If the retreat is considered a public meeting, can theschool board hold this meeting out of the school district or out of thestate?
Although the laws governing school boards set forth certain requirements concerning school board meetings, such as how often, what time, and in what size room meetings must be held, see A.C.A. § 6-13-619 and -632, these laws do not address the question you have raised. However, it is pertinent to keep in mind the explicitly stated purpose of the FOIA, which is to assure that "public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy." A.C.A. § 25-19-102; Ark. Gazette Co. v. Pickens,258 Ark. 69, 74, 522 S.W.2d 350 (1975). The Attorney General's office has consistently taken the position that meetings cannot be scheduled in a way that circumvents the requirements of the FOIA. See, e.g., Ops. Att'y Gen. Nos. 96-074; 92-162. In my opinion, a school board meeting that is held out of the school district or out of the state would thwart the purposes of the FOIA, because it would inhibit the attendance of the members of the public who are most interested in school board business.
Question 3 — If the retreat is considered a public meeting, can theschool board spend district money on this meeting if it is held out ofthe school district or out of the state?
It is my opinion that if the retreat in question does constitute a "meeting" under the principles discussed in response to Question 1, it should not be held out of the district or out of the state, as discussed in response to Question 2. The expenditure of school district money on such a meeting is not a matter that is governed by the FOIA, but there is no doubt that school district money should not be spent for the purpose of holding a meeting in violation of the law.
However, I reiterate that in responding to Question 1, I declined to opine definitively as to whether the particular retreat in question does, under the specific facts of the case, constitute a "meeting." If the retreat does not constitute a meeting, expenditures of school district money in connection with the retreat may be permissible, but will depend largely upon the district's internal policies. The expenditure must, of course, comply with Article 14, § 3 of the Arkansas Constitution, which prohibits the use of school tax proceeds for non-school purposes, and with all other laws relating to expenditures of school funds.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General